# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULIA AHMED BAABBAD, | ) CV F 02 6643 OWW WMW HC |
| | ) |
| Petitioner, | ) |
| | ) FINDINGS AND RECOMMENDATION RE |
| | ) PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) |
| | ) |
| GEORGE GALAZA, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On February 25, 2000, in the Kern County Superior Court, a jury found Petitioner guilty of first degree murder (Cal. Penal Code § 187(a)) and attempted murder (Cal. Penal Code §§ 664, 187), with personal use of a firearm during the commission of the crimes (Cal. Penal Code

§§ 12022.5(a) and 12022.53(b)).  On March 24, 2000, Petitioner was sentenced to an indeterminate sentence of 25 years to life and a determinate sentence of 27 years.

Petitioner filed a timely notice of appeal.  On December 11, 2001, the California Court of Appeal for the Fifth Appellate District ("Court of Appeal") affirmed his conviction and sentence.

On January 17, 2002, Petitioner filed a petition for review in the California Supreme Court.  On February 20, 2002, the court denied the petition without comment.

On June 7, 2002, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  On September 18, 2002, the court denied the petition with citations to In re Waltreus, 62 Cal.2d 218 (1965) and In re Lindley 29 Cal.2d 709 (1947).

Petitioner filed the instant petition for writ of habeas corpus on December 30, 2002. Petitioner sets forth the following grounds for relief: (1) his first degree murder conviction should be reduced to manslaughter because there was insufficient evidence to prove malice; (2) his attempted murder conviction should be reduced to assault with a firearm because there was insufficient evidence to prove specific intent; (3) the trial court erred under California Penal Code section 654 in imposing an enhancement and an underlying sentence for the same acts; and (4) ineffective assistance of counsel.

On March 24, 2003, Respondent filed a motion to dismiss the petition based on Petitioner's failure to exhaust his state court remedies.  Specifically, Respondent contended that Ground 4 of the instant petition was unexhausted.  On April 21, 2003, Petitioner filed a motion entitled, "Motion for Withdrawal and Abeyance of Habeas Corpus Petition and for Leave to Amend Petition." This court granted Petitioner's request to withdraw the unexhausted ground (Ground 4) and hold the petition in abeyance.

On August 18, 2003, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court raising the single issue of ineffective assistance of counsel.  The court denied the petition on April 28, 2004, with a citation to In re Clark, 5 Cal.4th 750 (1993).

On May 13, 2004, Petitioner filed a "Notice of Exhaustion of State Court Remedies," providing the court with a copy of the order of the California Supreme Court entered April 28, 2004, denying his petition for writ of habeas corpus.  Petitioner asserted in his Notice that claim

1  number 4 had been exhausted.   On November 22, 2004, the court issued an order granting

2  Petitioner's request to amend his petition.

3  **STANDARD OF REVIEW**

4  A.  JURISDICTION

5  Relief by way of a petition for writ of habeas corpus extends to a person in custody

6  pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

7  or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v.

8  Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his

9  rights as guaranteed by the United States Constitution.  In addition, the conviction challenged

10  arises out of the Kern  County Superior Court, which is located within the jurisdiction of this

11  court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

12  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

13  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

14  enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S.

15  1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting

16  Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct.

17  1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

18  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

19  petition was filed on May 4, 2005, after the enactment of the AEDPA, thus it is governed by its

20  provisions.

21  B.  STANDARD OF REVIEW

22  This court may entertain a petition for writ of habeas corpus "in behalf of a person in

23  custody pursuant to the judgment of a State court only on the ground that he is in custody in

24  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

25  The AEDPA altered the standard of review that a federal habeas court must apply with

26  respect to a state prisoner's claim that was adjudicated on the merits in state court.  Williams v.

27  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

28  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When the California Supreme Court's opinion is summary in nature, however, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

1  S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

2  110 F.3d 1380, 1388 (9th Cir. 1997).

3  **DISCUSSION**

4  Sufficiency of Evidence Re First Degree Murder

5  Petitioner contends that his conviction for first degree murder must be reversed or

6  reduced to voluntary manslaughter.  Petitioner claims that there was insufficient evidence

7  presented to establish malice and that the evidence showed that he was acting under the heat of

8  passion upon adequate provocation without a sufficient cooling off period.  Respondent disputes

9  this contention.

10  The law on insufficiency of the evidence claim is clearly established.  The United States

11  Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a

12  federal court must determine whether, viewing the evidence and the inferences to be drawn from

13  it in the light most favorable to the prosecution, any rational trier of fact could find the essential

14  elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319

15  (1979).  Sufficiency claims are judged by the elements defined by state law.  Id. at 324 n. 16.

16  The Court of Appeal issued the last reasoned decision on this contention by Petitioner,

17  and rejected it.  The Court of Appeal explained the elements of first degree murder as follows:

18       Murder is the unlawful killing of a human being with malice aforethought.
   (§ 187, subd. (a).)  All murder perpetrated by any kind of willful, deliberate and
19  premeditated killing is murder of the first degree.  (§ 189.)  Malice may be either express
   or implied. It is express when the defendant manifests "a deliberate intention unlawfully
20  to take away the life of a fellow creature." (§ 188.)  It is implied "when no considerable
   provocation appears, or when the circumstances attending the killing show an abandoned
21  and malignant heart." (*Ibid*.)

22
23  Unpublished Opinion in case number F035329, 5.  The court explained the standard of review:

24       We review claims of insufficient evidence by evaluating the entire record in the
   light most favorable to the judgment to determine whether it discloses evidence that is
   reasonable, credible, and of solid value from which a rational trier of fact could have
25  found the essential elements beyond a reasonable doubt.

26  Unpublished Opinion in case number F035329, 4.  The court then held as follows:

27       This record contains evidence supporting the jury's conclusion that appellant did
   not, in fact, act in the heat of passion but with a deliberation and premeditation born of
28  malice.  After his outburst over Maria's talking on the phone with a man, appellant sat in

the bathroom and talked with Maria while she took a shower. Myra testified that appellant was calm by this time. Appellant subsequently left the residence for 15 to 30 minutes, returned and remained for another 15 or so minutes, then left again. Appellant proceeded to a market where he knew a gun was available, surreptitiously took the gun, hid the gun as he walked back to the residence, and entered not through the front door but through a rear door rarely used for entrance by either the residents or visitors. The clerk testified that appellant had seemed "normal" when he was in the store. These actions, taken over some 30 minutes to an hour, could certainly be viewed to reflect planning and deliberation, and to defeat the suggestion of impulsiveness, a conclusion only supported by the furtiveness with which appellant acted. Once in the bedroom doorway, appellant asked if Maria was going out and, when she affirmed that she was, promptly said "No you are not going anywhere" and began to shoot. Again, the scenario could be viewed as indicating that appellant had a plan to shoot Maria as soon as he elicited the answer he expected; i.e., that he was acting not rashly, but with premeditation and deliberation. Finally, once Maria had been downed by a bullet, appellant paused and reloaded his gun. Appellant stepped closer to Maria, raised his arm and, pointing the gun at Maria's back, fired. Questioned again, appellant explained that he had killed Maria rather than see her with another man. This final sequence shows a focus that could reasonably be characterized as deliberate and premeditated; indeed, we think it would be difficult to characterize these actions otherwise. That appellant might later have regretted his actions does not negate his mental state at the time of the shootings.

Under these circumstances, then, the jury could reasonably have concluded that the shooting of Maria was not so much an emotional explosion as an execution, effected with chilling calculation. The evidence is thus sufficient that appellant acted with malice and premeditation.

Unpublished Opinion in case number F035329, 6- 7.

As set forth above, in this federal habeas corpus proceeding the state court's factual determinations are presumed correct, and this court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not carried that burden in this case, i.e., he has not rebutted the Court of Appeal's finding that a jury could have reasonably have concluded that the shooting of Maria was done with malice and premeditation. The court thus concludes that Petitioner has not carried his larger burden under 28 U.S.C. § 2254(d) of showing that the Court of Appeal's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." Therefore, this contention presents no basis for habeas corpus relief.

Sufficiency of Evidence re Attempted Murder

Petitioner contends that his conviction for attempted murder must be reversed or reduced to assault with a firearm.  He claims that the evidence presented at trial was insufficient to prove that he acted with malice and the intent to kill when he shot Myra.  Respondent disputes this contention.

The Court of Appeal's unpublished decision is the last reasoned opinion on this issue. The Court of Appeal explained the elements of attempted murder as follows:

> "In order to prove an attempted murder charge, there must be sufficient evident of the intent to commit the murder plus a direct but ineffectual act toward its commission. [Citation.] Although malice may be express or implied with respect to a charge of murder, implied malice is an insufficient basis upon which to sustain a charge of attempted murder because specific intent is a requisite element of such a charge. [Citation.] Thus, to sustain a charge of attempted murder, the evidence must demonstrate a deliberate intention unlawfully to kill a fellow human being.  (Cf. Penal Code, § 188.)" (*People v. Chinchilla* (1997) 52 Cal.App.4th 683, 690.)

> "The act of firing toward a victim at a close, but not point blank, range 'in a manner that could have inflicted a mortal would had the bullet been on target is sufficient to support an inference of intent to kill . . . ." [Citation.]" (53 Cal.App.4th at p. 690.) "Where a defendant fires at two officers, one of whom is crouched in front of the other, the defendant endangers the lives of both officers and a reasonable jury could infer from this that the defendant intended to kill both."  (*Id*. at p. 691.)

Unpublished Opinion in case number F035329, 7.  The court applied these elements to the facts as follows:

> Appellant does not dispute that Myra and Maria were in close range when he began firing and, until Myra managed to escape to the kitchen, in close proximity to each other: sitting side-by-side on the bed when the shooting started, rushing through the doorway together, and even tripping over each other and falling in a tangle.  Appellant's deliberate intent to kill Myra can be inferred from his firing multiple shots under these circumstances.  Appellant's reproaches to Myra for warning Maria of his approach, and thus aiding Maria in contacting another man, also provide evidence from which the jury could infer a specific intent to kill Myra.  That appellant may have later regretted his actions does not negate his mental state before and during the shootings.
> Substantial evidence thus supports the jury's finding that appellant acted with the specific intent to kill Myra.

Unpublished Opinion in case number F035329, 7 - 8.

Again, this court finds that Petitioner has not carried his burden of  rebutting the Court of Appeal's finding that substantial evidence supported the jury's finding that Petitioner acted with the specific intent to kill Myra.   The court thus concludes that Petitioner has not carried his larger burden under 28 U.S.C. § 2254(d) of showing that the Court of Appeal's adjudication of

the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."   Therefore, this contention presents no basis for habeas corpus relief.

Imposition of Firearm Enhancements

Petitioner contends that the trial court erred in imposing ten-year enhancements pursuant to Penal Code Section 12022.53(b) on the murder and attempted murder counts.  He claims that the enhancements must be stayed pursuant to Penal Code Section 654(a), which prohibits multiple punishment, because the sentences on the enhancements punish the same acts which form the basis for the felony sentences.

In the last reasoned opinion,  the Court of Appeal addressed this contention, holding as follows:

> This very argument was made to, and rejected by, the First District in *People v. Hutchins* (2001) 90 Cal.App.4th 1308.  As explained in that decision, the plain language of the statute states that section 12022.5 is applicable "'[*n]ot withstanding any other provision of law.'"* (*Id.* at p. 1313.)   This language shows the Legislature did not intend the enhancement to be restricted by section 654' proscription against multiple punishment.  (*Ibid.*; see also *People v. Ross* (1994) 28 Cal.App.4th 11512, 1155-1160.)
>
> Nor does section 654 apply logically, since it does not provide additional punishment for the same criminal act.  The sentence on the murder and attempted counts punish appellant for an unlawful intentional killing and an attempt at the same.  The enhancement under section 12022.53 increases this punishment when that killing is committed by the personal discharge of a firearm "in order to deter a particular form of violence judge especially threatening to the social fabric."  (*People v. Hutchins, supra,* 90 Cal.App.4th at p. 1314.)
>
> The trial court properly imposed the firearm enhancement.

Unpublished Opinion in case number F035329, 8-9.

A federal court has no basis for disputing a state's interpretation of its own law.  <u>Clemons v. Mississippi</u>, 494 U.S. 738, 739-40 (1990).  <u>See  Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in *de novo* review).  Therefore, Petitioner's contention that his ten-year sentence enhancements must be stayed pursuant to Penal Code Section 654 provide no basis for habeas corpus relief.

//

Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to conduct a thorough investigation of the facts and circumstances that would have mitigated the specific intent of the charged crime.  Specifically, Petitioner claims that trial counsel should have investigated the following: 1) cultural background as related to perception of provocation in the charged offense; 2) social history; 3) possibility of voluntary intoxication; and 4) possibility of developmental disability.   Petitioner raised this contention in his petition for writ of habeas corpus filed with the California Supreme Court on August 18, 2003.  The court denied the petition with citation to In re Clark, 5 Cal.4th 750 (1993).  Respondent therefore contends that this issue is procedurally barred.

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims by a state law that is independent of federal law and adequate to support the judgment.  A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment.  Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 2592 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54 (1989); See, also, Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184 (1935).  A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 1042 (1989).  This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar."  Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038,1043 (1989).  For California Supreme Court decisions, this means the court must specifically have stated that it denied relief on a procedural ground.  Ylst v. Nunnemaker, 501

U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991); <u>Acosta-Huerta v. Estelle</u>, 7 F.3d 139, 142 (9th Cir. 1993); <u>Hunter v. Aispuro</u>, 982 F.2d 344, 347-48 (9th Cir. 1991).

In addition, a federal court may only impose a procedural bar on claims if the procedural rule that the state used to deny relief is "firmly established and regularly followed." <u>O'Dell v. Thompson</u>, 502 U.S. 995, 998, 112 S.Ct. 618, 620 (1991) (statement of Blackmun joined by Stevens and O'Connor respecting the denial of certiorari); <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857 (1991); <u>James v. Kentucky</u>, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-37 (1984). The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default. <u>Fields v. Calderon</u>, 125 F.3d 757, 760 (9th Cir. 1997); <u>Calderon v. United States Dist. Court (Bean)</u>, 96 F.3d 112, 129 (9th Cir. 1996), <i>cert. denied,</i> 117 S.Ct. 1569.

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." <u>LaCrosse</u>, 244 F.3d at 704 (<i>citing</i> <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469 (1983)); <u>Morales v. Calderon</u>, 85 F.3d 1387, 1393 (9th Cir. 1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'" (<i>quoting</i> <u>Coleman</u>, 501 U.S. at 735, 111 S.Ct. 2456)). "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" <u>Park</u>, 202 F.3d at 1152 (<i>quoting</i> <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75, 105 S.Ct. 1087 (1985)).

"[U]nless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court.'" <u>LaCrosse</u>, 244 F.3d at 704.

To be deemed adequate, the state law ground for decision must be well-established and consistently applied. <u>Poland v. Stewart</u>, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")(<i>quoting</i> <u>Ford v. Georgia</u>, 498 U.S. 411,

1   424, 111 S.Ct. 850 (1991)).  Although a state court's exercise of judicial discretion will not

2   necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment

3   according to standards that, at least over time, can become known and understood within

4   reasonable operating limits.'" Id. at 377 (*quoting* Morales, 85 F.3d at 1392).   State rules that are

5   too inconsistently or arbitrarily applied to bar federal review "generally fall into two categories

6        In Clark, the California Supreme Court emphasized that it has never condoned piecemeal

7   presentation of known claims and repetitious presentation of previously denied claims.[1]  In re

8   Clark, 5 Cal.4th 750, 760, 21 Cal.Rptr.2d 509, 521 (1993).  The court further held that to entertain

9   the merits of a successive petition would be inconsistent with the its recognition that the delayed

10  and repetitious presentation of claims is an abuse of the writ.  Id.

11       In Bennett, the Ninth Circuit reiterated that California's untimeliness rule cannot be

12  applied to bar federal review to Petitioner's who initiated their state habeas proceedings *before*

13  the issuance of In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509 (1993) and In re Robbins, 18

14  Cal.4th 770, 77 Cal.Rptr.2d 153 (1998).  Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003).

15  The Court also held that the California Supreme Court's post-Robbins denial for lack of diligence

16  (untimeliness) was not interwoven with federal law such that it is an "independent procedural

17  ground." Bennett, 322 F.3d at 582-83.  Thus, the California Supreme Court's rejection of

18  Petitioner's ineffective assistance of counsel claim is independent of state law.

19       Because procedural default is an affirmative defense, the court held in Bennett that the

20  burden of demonstrating the adequacy of a state procedural rule fell on Respondent.  Id. at 585,

21  *citing* Gray v. Netherland, 518 U.S. 152, 165, 116 S.Ct. 2074, 2083 (1996).   The court finds that

22  at the time of Petitioner's 2002 default in not bringing his habeas corpus claim in his first habeas

23  corpus petition in the California Supreme Court, ten years had passed since the state habeas

24  diligence standards were set forth in Clark.  Thus, the court finds that these standards were well-

25

26

27       [1]The California Supreme Court also held that although California Penal Code § 1475 does not limit the
    court's power to decline to consider a successive petition, it does not compel the courts to consider successive
28  petitions on the merits.  Further, the statute does not purport to restrict the court's inherent power to control its
    calendar and prevent abuse of the writ.  In re Clark, 5 Cal.4th 750, 771, 21 Cal.Rptr.2d 509, 522 (1993).

1 established and consistently applied, and the state procedural bar was adequate to support the

2 judgment.

3    If the court finds an independent and adequate state procedural ground, "federal habeas

4 review is barred unless the prisoner can demonstrate cause for the procedural default and actual

5 prejudice, or demonstrate that the failure to consider the claims will result in a fundamental

6 miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501

7 U.S. at 750, 111 S.Ct. 2456; Park, 202 F.3d at 1150.

8    In regard to cause and prejudice, the court only finds it necessary to address cause.   The

9 cause standard requires Petitioner to show that "some objective factor external to the defense"

10 impeded his efforts to comply with the procedural rule, or to establish constitutionally ineffective

11 assistance of counsel. McClesky v. Zant, 499 U.S. 467, 494 (1991).   In this case, Petitioner

12 cannot demonstrate that any objective factor impeded his efforts to comply with California's

13 procedural rule.  As Respondent argues, Petitioner was able to file his first habeas corpus petition

14 in the California Supreme Court on June 7, 2002.  Therefore, Petitioner cannot claim that some

15 objective factor impeded his efforts to timely present the defaulted ineffective assistance of

16 counsel claims.  Further, Petitioner cannot establish constitutionally ineffective assistance of

17 counsel as cause for his procedural default.  "To constitute cause for procedural default of a

18 federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have

19 been presented to the state courts as an independent claim." Crockett v. Ray, 333 F.3d 938, 943

20 (9th Cir. 2003).  As was true in Crockett, because Petitioner's ineffective assistance claim was

21 procedurally defaulted, trial counsel's performance cannot provide the basis for cause.

22    Finally, in regard to a fundamental miscarriage of justice, such a claim must be based on

23 actual innocence of the crime for which one was convicted. Sawyer v. Whitley, 505 U.S. 333,

24 339 (1992).  Petitioner does not make such a claim in this case.

25    Based on all of the above, the court concludes that Petitioner's claim of ineffective

26 assistance is procedurally barred.

27    Even if the court consider's Petitioner's ineffective assistance of counsel claim on the

28 merits, it does not provide a basis for habeas corpus relief.  Ineffective assistance of counsel is

1  based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental

2  right to a fair trial." <u>Strickland v. Washington</u>, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674

3  (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland

4  court. First, petitioner must show that counsel "made errors so serious that counsel was not

5  functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second,

6  [petitioner] must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.  This

7  two-part standard also applies to challenges to guilty pleas based in ineffective assistance of

8  counsel. In the present case, the court finds that in light of the above analysis regarding the

9  sufficiency of the evidence supporting the murder and attempted murder convictions, Petitioner

10  cannot show a reasonable possibility that had his counsel conducted the additional investigation

11  he suggests, the outcome would have been different.

12

13       In light of the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of

14  habeas corpus be DENIED and that judgment be entered for Respondent.

15

16       These Findings and Recommendation are submitted to the assigned United States District

17  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

18  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

19  thirty (30) days after being served with a copy, any party may file written objections with the

20  court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

22  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

23  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

24  The parties are advised that failure to file objections within the specified time may waive the right

25  to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26

27

28

IT IS SO ORDERED.

**Dated:      March 30, 2006**                    _____ /s/  **William M. Wunderlich**_____
mmkd34                                        UNITED STATES MAGISTRATE JUDGE